UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY & GUARANTY INSURANCE COMPANY, an Iowa corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CENTEX HOMES, a Nevada general partnership, CENTEX REAL ESTATE CORPORATION, a Nevada corporation; and DOES 1 through 10 inclusive,<br>　　　　　　　　　　　　Defendant. | Case No.: 3:15-CV-00023-L-RBB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY** |

　　　In this declaratory relief insurance coverage action, Defendants filed a motion to stay pending resolution of the underlying state court litigation.  Plaintiff filed an opposition and Defendants replied. For the reasons stated below, Defendants' motion is granted.

　　　Defendants Centex Homes and Centex Real Estate Corporation (collectively "Centex"), were the general contractor on a residential construction project.  On November 20th, 2014, homeowners in the Silver Crest and Walnut Hills II developments located in San Marcos, California, filed a construction defect lawsuit against Centex (the *Torres* action). (*See* Mot. at pg. 1-2 ln. 28-1).  The homeowners alleged the following

causes of action: (1) strict liability; (2) violation of standards under California Civil Code §895; (3) breach of implied warranty; and (4) negligence. (*See* FAC ¶ 11).

On December 10th, 2014, Centex tendered the defense of the *Torres* action to various subcontractor insurers under 29 insurance policies, including policies issued by Plaintiff Fidelity and Guaranty Insurance Company (now Travelers ("FGIC")) to Design Fabrication, Inc. ("Design Fab"). Centex claims to be named as an additional insured on the Design Fab policies. (*Id.* ¶ 12)

FGIC agreed to defend subject to a full reservation of rights pending its coverage investigation. (Decl. of Sandra Schaeffer in Supp. of Defs' Mot. To Stay ("Schaeffer Decl.") Ex. A.) To the extent FGIC had a duty to defend, it appointed David Lee as Centex' defense counsel, and informed Centex it would not pay for any fees incurred from that date forward by Schaeffer Law, which had already been representing Centex in the *Torres* action. (*Id.*) FGIC further informed Centex that, should it determine at the end of its coverage investigation that it did not owe a duty to defend, it would withdraw from defense and seek reimbursement of Mr. Lee's fees and costs from Centex. (*Id.*)

Centex objected to Mr. Lee's appointment based on a conflict of interest, and proposed defense continue through Schaeffer Law as independent counsel. FGIC could discharge its duty to defend by paying Schaeffer Law fees and costs. (Schaeffer Decl. at 1.) In the absence of FGIC's agreement, Centex associated Mr. Lee as co-counsel in the *Torres* action. (*Id.* Ex. B.)

Promptly thereafter, FGIC filed this pending declaratory relief action. The Court has subject matter jurisdiction based on diversity under 28 U.S.C. §1332.

FGIC seeks a declaratory judgment that (1) FGIC has the right to control the defense of Centex in the *Torres* action; (2) Centex is not entitled to an independent counsel under California Civil Code §2860; and (3) pursuant to the no-voluntary

payments clause in the Design Fab policies, FGIC is not obligated to pay any Schaeffer Law fees and costs incurred after Mr. Lee's appointment. (FAC at ¶ 17). A central issue in this action is whether Centex is entitled to reimbursement of Schaeffer Law's fees and costs from FGIC due to Mr. Lee's conflict of interest. (Schaeffer Decl. ¶5.)

With the pending motion, Centex seeks a stay until the *Torres* action is resolved. (Mot. at pg. 20 ln. 18-20). The motion is based on the Court's inherent power to manage its docket, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), or alternatively, on Court's discretionary power to decline to exercise of its authority under the Declaratory Judgment Act, 28 U.S.C. §2201.

The Court first turns to the Declaratory Judgment Act. It provides in pertinent part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. §2201(a).

"The Declaratory Judgment Act embraces both constitutional and prudential concerns." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (*en banc*). Accordingly, even when, as here, federal court has subject matter jurisdiction, "it is not required to exercise its authority to hear the case." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002); *see also Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012). Furthermore, if, as here, a party raises the issue whether the Court should stay the case under the prudential concerns embraced by the Declaratory Judgment Act, the court must address the issue and state its reasons on the record, regardless of whether it decides to exercise its authority or abstain. *Dizol*, 133 F.3d at 1225, 1227.

Pursuant to 28 U.S.C. §2201, "the court must first inquire whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2004), citing *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The "case or controversy" limitation in the statute refers to the types of cases and controversies that are justiciable under Article III of the Constitution. Here, the "dispute between an insurer and its insured[] over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *Dizol*, 133 F.3d at 1222 n.2.

Upon finding, as here, that an actual case or controversy exists, "the court must decide whether to exercise its jurisdiction." *Robinson*, 394 F.3d at 669. "The Declaratory Judgment Act uses permissive language." *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011), quoting 28 U.S.C. §2201(a)(federal courts "*may* declare the rights and other legal relations of any interested party" in a declaratory judgment action) (emphasis added). It "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Dizol*, 133 F.3d at 1223, quoting *Public Affairs Assoc. v. Rickover*, 369 U.S. 111, 112 (1962).

"Consistent with the nonobligatory nature of [the Declaratory Judgment Act], a district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), particularly "when 'the questions in controversy . . . can better be settled in' a pending state court proceeding and state court proceedings "present[] opportunity for ventilation of the same state law issues" *R.R. Street*, 656 F.3d at 975, quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) & *Wilton*, 515 U.S. at 290, respectively. While the "pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief, . . . federal courts should generally decline to entertain reactive declaratory actions." *Dizol*, 133 F.3d at 1225. Nevertheless, there is no

presumption in favor of or against abstention generally, nor in insurance coverage cases specifically. *Id.; Huth*, 298 F.3d at 803.

In exercising its discretion, the court should consider three factors articulated in *Brillhart*: avoiding needless determination of state law issues; discouraging forum shopping; and avoiding duplicative litigation." *R.R. Street*, 656 F.3d at 975 (internal quotation marks and citation omitted). "Essentially, the district court must balance concerns of judicial administration, comity and fairness to the litigants." *Kearns*, 15 F.3d at 144 (internal quotation marks and citation omitted).

FGIC's pending action presents solely insurance coverage and independent counsel issues under California law.  Ordinarily, a federal court should abstain from exercising jurisdiction in a declaratory judgment action such as this, which raises disputes between insurance companies and their insureds in which the merits must be decided under state law. *See Brillhart*, 316 U.S. at 495.  "[N]eedless determination of state law issues alone may support remand" even in the absence of a similar state court proceeding.  *R.R. Street*, 656 F.3d at 975, citing *Huth*, 298 F.3d at 802-04.  Here, however, the *Torres* action presents a pending similar state court proceeding.  The first *Brillhart* factor therefore weighs in favor of abstention.

Neither the parties named nor the issues raised in the *Torres* action and in this coverage action are identical.  The *Torres* action involves construction defect liability issues between the homeowners and Centex, whereas this action involves insurance coverage issues between Centex and FGIC.

Nevertheless, FGIC's assertion that there is no factual overlap between the two actions is unpersuasive.  The issue in this action is whether Centex is entitled to independent counsel in *Torres* under California Civil Code §2860.  The statute provides in relevant part that "when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the

5

3:15-CV-00023-L-RBB

defense of the claim, a conflict of interest may exist," which gives rise to the insured's right to independent counsel.  Cal. Civ. Code §2860(b); *see also id.* §2860(a); *see also San Diego Navy Fed. Credit Union v. Cumis Ins. Society, Inc.*, 162 Cal. App. 3d 358, 364 (1984); Justice H. Walter Croskey *et al.*, Cal. Practice Guide: Ins. Litig. ¶7:774 (2015).  When Centex tendered defense of the *Torres* action to FGIC, FGIC reserved its rights to deny coverage and seek reimbursement from Centex for, among other things, indemnity payments for claims not covered by the Design Fab policies.  (Schaeffer Decl. Ex. A at 9.)  For example, where the policies do not provide coverage for the insured's defective workmanship and/or products.  (*Id.*)  Accordingly, a factual issue relevant to both actions – the *Torres* action and this coverage action – is whether any alleged damage was related to Design Fab's work.  This factual issue is relevant to liability and damages in the *Torres* action.  In this action, it is relevant to counsel's conflict of interest, *i.e.*, whether or to what extent Mr. Lee can influence the outcome of the Design Fab issue in the *Torres* action.  Although the actions are not literally duplicative, they present a factual overlap.  The second *Brilllhart* factor therefore also favors abstention.

"The differences in factual and legal issues between the state and federal court proceedings are not dispositive."  *Polido v. State Farm Mut. Auto Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997), *overruled on other grounds in Dizol; Employers Ins. Corp. v. Karussos*, 65 F.3d 796, 800 (9th Cir. 1995), *overruled on other grounds in Dizol*.  This is "because the insurer could have presented the issues that it brought in federal court in a separate action to the same court that will decide the underlying tort action." *Polido*, 110 F.3d at 1423; *Karussos*, 65 F.3d at 800.  The dispositive question is "whether there was a procedural vehicle available to the insurance company in state court to resolve the issues raised in the action filed in federal court." *Polido*, 110 F.3d at 1423.  FGIC has presented no reason, and the Court is aware of none, why FGIC could not have raised the same

coverage and independent counsel issues in a declaratory relief action filed in state court. The third *Brillhart* factor therefore also weighs in favor of abstention.[1]

In the absence of a presumption favoring or disfavoring abstention, the court may decline to exercise its authority and dismiss or stay the case, even if all three factors are evenly balanced. *See Huth*, 298 F.3d at 802-04. Here, however, all three factors favor abstention.

Upon determining to decline the exercise of authority under the Declaratory Judgment Act, the Court considers whether to stay or dismiss this action. *See Wilton*, 515 U.S. at 288 (court "authorized . . . to stay or to dismiss an action seeking a declaratory judgment"). Where, as here, "the basis for declining to proceed is the pendency of a state court proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Id*. at 288 n.2.

Accordingly, Defendants' motion to stay is granted[2] as follows:

1. This action is stayed for a period of 90 days from the entry of this order.

/ / / / /

/ / / / /

---

[1] Although the court may also consider other factors, "the three *Brillhart* factors remain the philosophic touchstone." *Dizol*, 133 F.3d at 1225. The other factors are "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems; [and whether abstention would affect] the convenience of the parties, and the availability and relative convenience of other remedies." *Robinson*, 394 F.3d at 672, citing *Dizol*, 133 F.3d at 1225 n.5. None of the foregoing factors support entertaining FGIC's declaratory relief action in this Court.

[2] Because stay is granted under Declaratory Judgment Act, the Court need not consider whether stay would be appropriate also under its inherent authority to control the docket, *see Landis*, 299 U.S. 248.

2. No later than 90 days from the entry of this order, the parties shall file a joint status report presenting any reason why this action should not be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: March 31, 2016

_____
Hon. M. James Lorenz
United States District Judge